IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YIMAO ZHANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1577 (MN) |
| | ) |
| HENRY BRIAN, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Yimao Zhang, Timonium, DE – Pro Se Plaintiff.

Caneel Radinson-Blasucci, Delaware Department of Justice, Wilmington, DE – Attorney for Defendants.

September 14, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Yimao Zhang, proceeding *pro se*, filed this 42 U.S.C. § 1983 civil rights action against Defendants Brian Henry and Megan Miller of the Delaware Department of State, Division of Professional Regulation ("DPR Defendants") and Delaware Court of Common Pleas Judge Rae M. Mims (collectively with DPR Defendants, "Defendants"). (D.I. 1). Defendants move for dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 12).

**I.    BACKGROUND**

Plaintiff's allegations, accepted as true at this stage of the proceedings, are as follows. From May 2018 through September 2019, Plaintiff engaged a real estate broker in a "short-term leasing agreement" for a condo she owned in Lewes, Delaware. (D.I. 1 at 9). Plaintiff ended the agreement when she became convinced that the broker "stole rent, broke equipment including HVAC intentionally and committed fraud." (*Id.*).

In October 2019, the broker sued Plaintiff in Delaware's Justice of the Peace Court ("JP Court") "with a falsified HVAC license." (*Id.*). The nature of the real estate broker's suit in JP Court against Plaintiff is unclear from the Complaint. The JP Court apparently entered a judgment in favor of the real estate broker in February 2021 and then in July 2021, denied Plaintiff's motion to vacate the judgment. (*Id.* at 10). On August 5, 2021, Plaintiff filed an appeal to the Delaware Court of Common Pleas. (*Id.* at 9). On September 14, 2021, also in the Court of Common Pleas, Plaintiff filed a "counter-complaint." (*Id.*). On August 9, 2022, Defendant Judge Mims granted the real estate broker's motion to dismiss the appeal. (*Id.*). Plaintiff filed a motion for reconsideration on August 12, 2022 and a motion for an interlocutory appeal on August 19, 2022 both which were denied by Judge Mims on September 9, 2022. (*Id.*).

1

On an unspecified date in August 2021, Plaintiff filed a Complaint with the Division of Professional Regulation ("DPR") regarding the same alleged actions taken by the real estate broker. (*Id.* at 8). Approximately a year later, on August 4, 2022, the DPR assigned an investigator to the case. (*Id.*). Plaintiff was advised that every 90 days she would receive an update. (*Id.*). In November 2022, ninety days after the investigator was assigned, Plaintiff inquired about the progress and received no update. (*Id.*). The DPR stopped responding to her email and phone inquiries, leading her to conclude that they had stopped the investigation. (*Id.*).[1] Plaintiff then initiated this action on December 8, 2022.

Plaintiff brings a Fourteenth Amendment due process claim. For relief, she requests damages and "corrective action." (*Id.* at 5).

Defendants have moved to dismiss the Complaint for failure to state a claim. (D.I. 12). The matter is fully briefed. (D.I. 14, 16).

## II.  LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines

---

[1]  Plaintiff's response to Defendants' motion to dismiss contains new allegations, which the Court has not considered. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

"whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

## III. DISCUSSION

### A. Judicial Immunity

Judge Mims is entitled to judicial immunity. "A judicial officer in the performance of [her] duties has absolute immunity from suit and will not be liable for [her] judicial acts." *Capogrosso*

*v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

The allegations against Judge Mims relate to typical judicial actions. The Complaint does not set forth any facts to show that she acted in the absence of jurisdiction. Accordingly, the claim against Judge Mims is dismissed. Amendment is futile as to this claim.

B.    **DPR Defendants**

Plaintiff failed to allege the personal involvement of either DPR Defendant in her Complaint. A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). There are no such allegations here.

Furthermore, Plaintiff's Complaint essentially claims that the DPR's failure to give her an update 90 days after an investigator was assigned to her case violated her Fourteenth Amendment Due Process rights and caused her to believe that the DPR had stopped the investigation. The allegations in the Complaint do not give rise to a due process right, or any other constitutional right, associated with the DPR's investigation of the real estate broker. *Cf. Elansari v. Ramirez*, 816 F. App'x 630, 631-32 (3d Cir. 2020) ("The District Court properly determined that Elansari's claims against the West Goshen Police Department and its officers are frivolous because 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'"

4

(quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Bressi v. Brennen*, 823 F. App'x 116, 119 n.5 (3d Cir. 2020) ("To the extent that Bressi's brief can be read to challenge the District Court's dismissal of his claims against Lapotsky and his failure-to-investigate claim, we agree with the District Court's disposition of those claims.") (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.")). Plaintiff will be given leave to amend her claim against the DPR Defendants.

IV.  **CONCLUSION**

For the above reasons, the Court will grant Defendants' motion to dismiss. Amendment is futile as to Plaintiff's claim against Defendant Mims, but Plaintiff will be given leave to amend her claim against the DPR Defendants.

An appropriate Order will be entered.