IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YIMAO ZHANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1577 (MN) |
| | ) | |
| HENRY BRIAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Yimao Zhang, Timonium, DE – Pro Se Plaintiff.

Caneel Radinson-Blasucci, Delaware Department of Justice, Wilmington, DE – Attorney for Defendants.

July 10, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Yimao Zhang, proceeding *pro se*, originally filed this 42 U.S.C. § 1983 civil rights action against Defendants Brian Henry and Megan Miller of the Delaware Department of State, Division of Professional Regulation and Delaware Court of Common Pleas Judge Rae M. Mims. (D.I. 1). The Court granted Defendants' motion to dismiss (D.I. 12), finding amendment to be futile as to Plaintiff's claim against Defendant Mims, and granting leave to amend her claim against Henry and Miller. (D.I. 19). On September 20, 2023, Plaintiff filed an amended complaint, asserting claims against Henry and Miller as well as a new Defendant, Eugene Thomas (collectively, "the DPR Defendants"). (D.I. 21). The DPR Defendants have now moved to dismiss the amended complaint pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure.[1] (D.I. 23). For the foregoing reasons, the Court will GRANT the motion.[2]

**I.   BACKGROUND**

Plaintiff's allegations, accepted as true at this stage of the proceedings, are as follows. In August of 2022, Plaintiff filed a complaint with the Delaware Department of Labor Division of Professional Regulation about a real estate broker and manager for theft of rent money and fraud. She was informed that every 90 days she would receive an update on the status of the investigation. Defendant, Eugene Thomas, was assigned to the investigation on August 4, 2022, but did not provide a status update or respond to emails or phone calls. Only after Plaintiff filed this complaint, did Thomas inform Plaintiff that the case has been closed and no violation of the laws

---

[1]   Defendants' Memoranda of Points and Authorities in Support of Their Motion to Dismiss Plaintiff's Amended Complaint (D.I. 24) ("Opening Brief"), sets forth three arguments: (1) failure to state a claim and frivolous claims; (2) improper service as to Thomas; and (3) sovereign immunity as to claims against the DPR Defendants in their official capacities. (D.I. 23 at 4-6).

[2]   On December 27, 2023, Plaintiff filed a sur-reply (D.I. 35), which Defendants moved to strike (D.I. 36). The Court will deny that motion.

or rules or regulations had been found. Plaintiff generally states that all DPR Defendants had a role in the processing of her Department of Labor complaint. Plaintiff asserts claims against all DPR Defendants, pursuant to 42 U.S.C. § 1983 ("§ 1983"), for violations of her First, Fifth, Ninth, and Fourteenth Amendment rights.

## II.   LEGAL STANDARDS[3]

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also*

---

[3] The Opening Brief fails to set forth the standard of review for Rule 12(b)(5) and sovereign immunity. (D.I. 24). Additionally, the totality of their arguments in support of their motion to dismiss for failure to properly serve and sovereign immunity is seven (7) sentences (*Id.* at 6). As the Court finds that Plaintiff fails to state a claim against all the DPR Defendants, it does not address the DRP Defendants' motion on the grounds of improper service and sovereign immunity.

*Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).  Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.  *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

### III.  DISCUSSION

#### A.  Claims Against Henry and Miller

In the amended complaint, Zhang fails to allege any facts to demonstrate a plausible claim or that either Henry or Miller was personally involved in any of her claims.  At best, she refers to them collectively as part of the "DPR Defendants," alleging:

> All three DPR Defendants[4] are personally involved in processing the complaint Plaintiff filed to DPR, yet denied Plaintiffs due process to investigate Plaintiffs complaint and closed the case without intake of information, violated Plaintiffs constitution right to petition to the government, and denied Plaintiffs right for a fair, orderly and just government, thus violating Plaintiffs constitutional right protected by First Amendment, Fifth Amendment, Ninth Amendment and 14th Amendment. As stated above, all three defendants were personal involved, and "shown through allegation of personal direction or of actual knowledge and acquiescence."

---

[4] A plaintiff cannot make allegations against a group of defendants to support a § 1983 claim.  *Saunders v. Connections Cmty. Support Programs*, 2020 WL 6261638, at *3 (D. Del. Oct. 23, 2020).

(D.I. 21 at 5).

It is unclear, however, from the amended complaint why Henry and Miller were named as Defendants in this case. There are no well-pleaded allegations as to what they purportedly did, when they did it or how it impacted Plaintiff. The claims against Henry and Miller are frivolous.

### B. Claims Against Eugene Thomas

As to Thomas, the amended complaint adds that he was assigned to investigate her Delaware Department of Labor complaint, he failed to provide her status reports and eventually sent her a letter informing her the investigation had been closed without a finding of wrongdoing. Plaintiff's allegations do not adequately allege a constitutional violation. As this Court previously held, failing to give updates regarding an investigation cannot give rise to a violation of any constitutional right because a failure to investigate allegation, without more, cannot sustain a § 1983 claim. (D.I. 19 at 4-5). Thus, all claims against Thomas also fail.

### IV. CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss. Plaintiff has already been given an opportunity to amend. Further amendment is futile.

An appropriate Order will be entered.